Dr. Carmelo J. Colón, Plaintiff and Appellant, *v.* Julio Feliciano et al., Defendants and Appellees.

No. 8109. Argued January 29, 1940.—Decided March 5, 1940.

*L. Mercader* for appellant.   *E. Pérez Casalduc* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The appellees herein seek the dismissal of the present appeal on the ground of being frivolous. The appellant set up an opposition in writing and orally. His brief, in which seven errors are assigned, all of them relating to the weight of the evidence, had already been filed.

Three complaints appear in the transcript. In the first complaint, filed on February 10, 1938, it was alleged that defendants Julio Feliciano and Josefa Jiménez Nieves were the owners of two rural estates in Arecibo, which the former sold with the consent of the latter to the plaintiff, and that it was agreed that the deed of sale should be executed on February 9, 1938, but that afterwards Feliciano refused to do so when requested. It was answered by a general and specific denial of all the facts alleged therein.

Shortly afterwards the second complaint was filed with the inclusion, as defendants, of Bonifacia Feliciano and Rodolfo Bravo and his wife. The sale of the two estates made by Julio Feliciano and Josefa Jiménez was insisted upon and it was alleged that Julio Feliciano "nominally and

conventionally held estate A in behalf of his aforesaid mother and sister," defendants Josefa Jiménez and Bonifacia Feliciano respectively. Likewise, that on February 10, 1938, Julio Feliciano and Josefa Jiménez sold to the other defendant, Bravo, estate A and from estate B a strip one meter in front by fourteen meters deep, executing the deed with Bonifacia Feliciano the same day. Also, that on February 8 and 9, 1938, while plaintiff "was discussing and effecting the sale contract with Julio Feliciano who was in turn acting . . . . . as attorney in fact of his aforesaid mother and sister, the other defendant, Rodolfo Bravo, was present." Bravo and his wife finally answered and denied that J. Feliciano owned and that Josefa Jiménez sold, and alleged that J. Feliciano had no legal power to sell. They alleged several special defenses and filed a cross complaint claiming damages from plaintiff on the ground of false and malicious charges. On motion of the plaintiff the cross complaint was stricken out without prejudice to the right of the counter-claimants to bring a separate action to enforce their claim.

The third amended complaint was filed to conform the allegations of the second complaint to the evidence. It is therein insisted on the sale of the estates A and B by Julio Feliciano and the woman Jiménez to the plaintiff with the promise to execute a deed to him; on the conventional title of Bonifacia Feliciano; on the refusal to execute the deed, it being further stated that this was due to the refusal on the part of the plaintiff to give to Julio Feliciano $200 over the purchase price; and on the sale to Bravo with knowledge on the part of the latter of the agreement entered into by the vendors and the plaintiff, it being further stated that in order to make up the $7,500 of the purchase price the plaintiff had to apply to the Banco de Ponce on the telephone for a loan for $4,000.

The case went to trial, and after weighing the evidence and considering the allegations, the court gave judgment for

the defendants without special imposition of costs. The grounds for its judgment were stated by the court as follows:.

"Alleging the existence of a verbal contract, the plaintiff seeks to have Julio Feliciano and Josefa Jiménez execute to him a deed of sale, respectively, of estates A and B described in the complaint. He also seeks to set aside a sale of the same estates to Rodolfo Bravo.

"In actions for the execution of a deed, a perfected contract must be shown. The absence of an essential requisite can not be supplied by a court on equity considerations.

"It is incumbent upon the plaintiff to show that the subject matter of the contract belonged to the person who had promised to sell. The position of the plaintiff, as revealed by his evidence, is so deficient and confused, that the plaintiff had twice to amend his complaint, stating different facts in his three allegations. Such discrepancies not only refer to the manner of the transaction and the nature of the alleged contract, but they also refer to the description of the subject matter of said contract.

"Accepting in its essential points the testimony of the plaintiff and some points of the rest of his evidence, it must be admitted that defendant Julio Feliciano verbally agreed to sell to Carmelo Colón the two estates whose titles he claims. If we admit also the interview of the plaintiff with the mother of Feliciano, it would be shown that he took steps near Josefa Jiménez and that there was some disposition on the part of the latter to sell any interest that she might own either in a house, as claimed by Colón, or in both estates; but it has not been shown that Josefa Jiménez finally agreed to execute a contract for a certain consideration and on specific matter, nor could Julio Feliciano sell estate A, because his sister had a jointly owned interest in it. Such interest and the origin of her title thereto are so clear, as shown by the documents submitted, that we consider questionable the fact alleged in the first paragraph of the complaint that Julio was the exclusive owner of estate A, and ambiguous the allegation of the third paragraph to the effect that the title was in the sister, by some conventional act.

"Nor is there any evidence to show a contract between Bonifacia Feliciano and Carmelo Colón, nor has it been shown either that Julio Feliciano had any express power, as required in law, so that the son could bind his mother and his sister regarding the sale of the immovables.

"It appears from the testimony of Bonifacia Feliciano that his brother was actually managing the estates of his mother and of his sister and that he used to transact business in connection with the estates assuming such powers as are usually assumed by eldest sons when women are not fit to act for themselves. But this does not mean that any agreement to. sell real property belonging to them should not be consented to or ratified by the mother and the sister, pursuant to the mandatory provision of section 1604 of the Civil Code and the restrictive interpretation of the Puerto Rican jurisprudence as regards the mandate.

"The conduct of Julio Feliciano coming to an understanding with Colón as if the business of the estates was exclusively his and then advising his mother and his sister to sell to a third party is to be disapproved; but the plaintiff knows that such things happen frequently, where acts are committed on insecure grounds."

We have examined the evidence and the pleadings and in our opinion no other conclusion could have been reached. The trial judge correctly weighed the conduct of the parties, reproving, as was deserved, that of one of the defendants, Julio Feliciano, but without inferring from it the existence of liabilities to be discharged by people who had acted otherwise.

The performance is sought herein of a contract regarding the sale of two pieces of real property and the execution of the proper deed; but as there is no clear and convincing evidence that all the co-owners did sell, a decree to that effect does not lie, the more so since the immovables were sold to defendants Bravo without any evidence either to show in a clear and convincing manner that they knew that the same were actually and duly sold to the plaintiff.

██ Under such circumstances, and after considering, by virtue of the motion, the question on its merits and being convinced that the appeal does not rest on any meritorious legal ground, the motion must be granted and the appeal, therefore, dismissed.

██ As to the costs and attorney's fees which the appellee (Feliciano) requests by virtue of section 327 of the Code

of Civil Procedure, as amended by Act No. 94 of 1937, (Sess. Laws, p. 238), we will not allow the same, in the exercise of our discretion, notwithstanding the frivolous nature of the appeal, because the conduct of appellee Feliciano does not indeed justify it. We concur in this way in the judgment of the trial court which, as we know, dismissed the complaint without special imposition of costs.